IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| UNITED STATES OF AMERICA, | CR 10-17-GF-BMM-JTJ |
|---|---|
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS** |
| vs. | |
| BRYCE HAMILTON NEWBREAST, | |
| Defendant. | |

## I. Synopsis

Defendant Bryce Hamilton Newbreast (Newbreast) has been accused of violating the conditions of his supervised release. Newbreast admitted the alleged violation. Newbreast's supervised release should be revoked. Newbreast should be placed in custody for 8 months, with 65 months of supervised release to follow. Newbreast should serve the first 180 days of his supervised release in a residential re-entry center.

## II. Status

Newbreast pleaded guilty to Sexual Abuse on July 7, 2010. (Doc. 31). The Court sentenced Newbreast to 120 months of custody, followed by 10 years of supervised release. (Doc. 37). Newbreast's current term of supervised release

began on November 17, 2021. (Doc. 81 at 2).

**Petition**

The United States Probation Office filed a Petition on February 14, 2023, requesting that the Court revoke Newbreast's supervised release. (Doc. 81). The Petition alleged that Newbreast had violated the conditions of his supervised release by failing to successfully complete his sex offender treatment program.

**Initial appearance**

Newbreast appeared before United States Magistrate Judge Timothy J. Cavan for his initial appearance on February 16, 2023. Newbreast was represented by counsel. Newbreast stated that he had read the petition and that he understood the allegations. Newbreast waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on March 21, 2023. Newbreast admitted that he had violated the conditions of his supervised release by failing to successfully complete his sex offender treatment program. The violation is serious and warrants revocation of Newbreast's supervised release.

Newbreast's violation is a Grade C violation. Newbreast's criminal history

category is I. Newbreast's underlying offense is a Class A felony. Newbreast could be incarcerated for up to 60 months. He could be ordered to remain on supervised release for 114 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III. Analysis

Newbreast's supervised release should be revoked. Newbreast should be incarcerated for 8 months, with 65 months of supervised release to follow. This sentence is sufficient but not greater than necessary. Newbreast should serve the first 180 days of his supervised release in a residential re-entry center.

### IV. Conclusion

The Court informed Newbreast that the above sentence would be recommended to Chief United States District Judge Brian Morris. The Court also informed Newbreast of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Newbreast that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. The Court **FINDS:**

> That Bryce Hamilton Newbreast violated the conditions of his supervised release by failing to successfully complete his sex offender treatment program.

The Court **RECOMMENDS:**

That the District Court revoke Newbreast's supervised release and commit Newbreast to the custody of the United States Bureau of Prisons for 8 months, with 65 months of supervised release to follow. Newbreast should serve the first 180 days of his supervised release in a residential re-entry center.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 22nd day of March, 2023.

John Johnston
United States Magistrate Judge